# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MELVIN F. THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 1:15-CV-00199-CLS-TMP |
| | ) |
| **COMMISSIONER, ALABAMA** | ) |
| **DEPARTMENT OF** | ) |
| **CORRECTIONS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Soon after this *pro se* prisoner plaintiff filed his 42 U.S.C. § 1983 complaint against various Alabama Department of Corrections defendants, he paid the filing fee in full, and moved for service of process. The motion for service of process (doc. no. 3) was denied as premature, and plaintiff was advised about the court's screening and special report process (doc. no. 4). Plaintiff on November 3, 2015 filed a "Motion to Expedite Service of Process via Special Report." (Doc. no. 11). The magistrate judge filed a report and recommendation on January 26, 2016, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted. (Doc. no. 12). Plaintiff has filed objections to the report and recommendation. (Doc. no. 13).

The bulk of plaintiff's objections pertain to complaints about the court's

screening process. (*Id.* at 1-4). For example, he asserts that defendants should have been served with a copy of his complaint because he paid the entire filing fee, just as any non-prisoner plaintiff in the same position. (*Id.* at 3). He therefore declares that the court's refusal to serve defendants is discriminatory, and deprives him of access to courts. However, 28 U.S.C. §§ 1915A(a) and (b)(2) state that the claims in a prisoner's complaint against "a government entity or officer or employee of a government entity" must be screened "as soon as practicable," and, if the complaint fails to state a claim upon which relief may be granted, dismissed by "*the court*." There is no statutory exception to the screening process, even if a prisoner pays the entire filing fee when the complaint is filed.

    Although it appears plaintiff's objections are focused on the recommended dismissal of his state-law negligence claims, the court has reviewed his objections from a constitutional perspective as well. Plaintiff complains that the report "is full of stated facts & assumptions as the magistrate judge wants to see them, . . . not the way they are seen by the plaintiff or actually are." (Doc. 13 at 4) (ellipsis supplied). Plaintiff fails to identify any factual errors, except to admit that *he* did not "specifically state" that, in 2014, he "renewed" his 2012 medical furlough application, but he declares that the 2014 renewal was "indicated." (*Id.* at 5). Even the most liberal construction of the amended complaint does not support that

2

argument. (Doc. no. 10 at 1-12). Even if it did, any claims concerning plaintiff's original 2012 application are barred by the applicable statute of limitations. Alternatively, plaintiff cannot state any plausible due process claims (based upon either the 2012 application or the 2014 'renewal' of it) because, as explained by the magistrate judge in his report, plaintiff has no constitutional or state-created liberty interest in obtaining a medical furlough. (Doc. no. 12 at 13-15). Were it assumed, for the sake of argument, that plaintiff *does* have a liberty interest in obtaining a medical furlough, a due process remedy is available to him: he may submit a new application for medical furlough at any time pursuant to § 14-14-5(a) of the Alabama Medical Furlough Act, and Alabama Department of Corrections Administrative Regulation (AR) 708, § IV.M. (*Id.* at 14-15).

    Plaintiff makes the 'renewal' claim in connection with his state-law negligence claims against defendants McElroy and Corizon. (Doc. 13 at 3-6). Even so, as set out above, there is no basis for reading the amended complaint in such a manner. Accordingly, those claims are barred by the applicable statute of limitations. Alternatively, defendant McElroy (as a Corizon employee) did not hold his respective positions when plaintiff submitted his medical furlough application in 2012. It therefore is impossible for McElroy or Corizon to have breached any legal duty owed plaintiff at that time, or caused him any damages. As second alternative,

plaintiff's argument (*id*. at 6) that McElroy informed him that he was not considered medically eligible for furlough in 2012 when plaintiff attempted to "renew" the 2012 application with her in 2014 does not constitute a compensable form of negligence. Since plaintiff declares that he "qualif[ies] for the geriatric criteria of the Alabama Furlough Act" (*id.* at 7), he can file a new application for medical furlough, and as part of that application process, the "institutional physician" will "be responsible for . . . . [r]endering a decision" regarding his eligibility.  AR 708, Section IV. J.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and objections thereto, the magistrate judge's report is hereby **ADOPTED**, and his recommendation is **ACCEPTED**. Therefore, in accordance with  28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice, for failure to state a claim upon which relief may be granted.  Plaintiff's "Motion to Expedite Service of Process via Special Report" is due to be **DENIED**.   (Doc. no. 11).   A  final  judgment  will  be  entered contemporaneously herewith.

**DONE** this 20th day of May, 2016.

_____
United States District Judge

---

[1] *See* http://www.doc.state.al.us/docs/AdminRegs/AR708.pdf.